UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LYDIA MELISSA HARTMAN, | ) |
| Plaintiff, | ) ) ) ) ) |
| vs. | ) Case No. 4:20 CV 579 MTS ) |
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, *et al.*, | ) ) ) ) ) |
| Defendants. | ) |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court on Plaintiff Lydia Hartman's Motion for Entry of Final Default Judgment Against Patriot National, pursuant to Fed. R. Civ. P. 55(b), and Plaintiff's Motion for Entry of an Award of Attorney's Fees Against Defendant Patriot National, pursuant to ERISA, 29 U.S.C. § 1132(g)(1). Docs. [31] and [33]. For the reasons set forth below, Plaintiff's motions, Docs. [31] and [33], will be granted.

**Factual[1] and Procedural Background**

Defendant Lincoln National Life Insurance Company ("Lincoln")[2] provides insurance coverage for certain employees of Patriot National, Inc. ("Patriot") under an employee welfare benefit plan that includes long term disability, life insurance, and continuation of death benefits.

---

[1] All facts are taken from Plaintiff's Complaint. Doc. [1]. After default has been entered, "the allegations of the complaint, except as to the amount of damages are taken as true." *Greater St. Louis Constr. Laborers Welfare Fund v. AbatePro, Inc*., 4:17-2812-AGF, 2018 WL 5849980 at *1 (E.D. Mo. Sept. 6, 2018) (citation omitted); *see also Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010).

[2] Lincoln was dismissed from this lawsuit on September 17, 2021. Doc. [29]. As such, the sole remaining claim in this action is Count IV asserted against Patriot only.

Patriot serves as the plan administrator and sponsor under 29 U.S.C. § 1002(16).

Loren Hartman is the late husband of Plaintiff. Mr. Hartman was a vested participant in the employee benefit plan at Patriot. On June 6, 2016, Mr. Hartman's primary physician noted that Mr. Hartman was suffering from depression. On July 1, 2016, Mr. Hartman established care with a psychiatrist who confirmed his diagnosis of depression. Mr. Hartman stopped working on July 20, 2016 due to symptoms related to his mental illness. Mr. Hartman subsequently committed suicide on September 22, 2016. Plaintiff applied for Mr. Hartman's life insurance benefits as well as long term disability benefits that Mr. Hartman would have received.

As part of his employment, Mr. Hartman was provided a policy of personal life insurance, and upon termination of his employment, Lincoln or Patriot was required under the terms of the group policy to offer him the opportunity to convert or port the policy to an individual policy. Terms of the group insurance policy state:

> NOTICE OF CONVERSION PRIVILEGES-INSURED PERSONS. When an Insured Person's Personal Insurance terminates, written notice of the right to convert will be:
> (1)  given personally to the Insured Person;
> (2)  mailed by the Group Policyholder to the Insured Person at his last known address; or
> (3)  mailed by the Company to the Insured Person at his last known address as furnished by the Group Policyholder.

Patriot, as the group policyholder, never provided Mr. Hartman with notice of conversion of his voluntary group life insurance policy after he stopped working and promised to continue Mr. Hartman's benefits until December 2016. Patriot never notified Lincoln that Mr. Hartman's employment was terminated, and in fact continued to pay premiums to Lincoln in order to continue his voluntary life insurance coverage. In October of 2016, after Mr. Hartman's death, Plaintiff contacted Lincoln to file a claim for life insurance benefits and was told his voluntary group policy was still in effect because Patriot never notified Lincoln of Mr. Hartman's termination and had continued to pay the premiums to Lincoln for Mr. Hartman's enrollment in the voluntary group life

2

plan. Plaintiff asked Lincoln if she could convert the group policy to an individual policy but was not permitted to do so. Plaintiff contends that Patriot breached its fiduciary duties when it failed to comply with its obligations under 29 U.S.C. § 1104 to act for the exclusive purpose of providing benefits to plan participants and beneficiaries when it: failed to correctly process her life insurance claim with careful skill and diligence, failed to follow the terms of the policy and perform its duties as the group policyholder and plan sponsor, failed to provide notice to Mr. Hartman of conversion privileges, and misled them as to her husband's participation in the plan and her entitlement to life insurance benefits upon the death of her spouse.

Patriot was served with the summons and complaint in this matter on June 17, 2020. Doc. [9]. Plaintiff's complaint seeks damages from Patriot in Count IV for breach of its fiduciary duties under ERISA when it failed to comply with its obligations under 29 U.S.C. § 1104 and for attorney's fees pursuant to 29 U.S.C. § 1132(a)(3). Doc. [33]. Patriot did not respond to the complaint. The Clerk of Court entered default against Patriot on August 3, 2020, and provided notice of this entry of default to Patriot. Doc. [13]. Thereafter, Plaintiff filed the motions currently pending before the Court.

**Legal Standard**

The entry of default by the Clerk of Court pursuant to Federal Rule of Civil Procedure 55(a) is a prerequisite to the grant of a default judgment under Rule 55(b), but whether to grant default judgment is a separate question within the discretion of the Court. *Weitz Co. LLC v. MacKenzie House, LLC*, 665 F.3d 970, 977 (8th Cir. 2012). Pursuant to Federal Rule of Civil Procedure 55, default judgment is appropriate when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." After default has been entered, "the allegations of the complaint, except as

3

to the amount of damages are taken as true." *Greater St. Louis Constr. Laborers Welfare Fund v. AbatePro, Inc.*, 4:17-cv-2812 AGF, 2018 WL 5849980 at *1 (E.D. Mo. Sept. 6, 2018) (citation omitted); *see also Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010). Before the Court may enter a default judgment setting forth the declaration Plaintiff seeks, it must be satisfied, on the basis of the sufficiency of the complaint and the substantive merits of Plaintiff's claim, that "the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010) (citation omitted). "The court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2). However, where "'the findings and judgment regarding damages in the instant case are capable of being computed on the basis of facts of record . . . the district court need not hold an evidentiary hearing on the issue of damages." *Taylor v. City of Ballwin*, 859 F.2d 1330, 1333 (8th Cir. 1988) (quoting *Pope v. United States*, 323 U.S. 1, 12 (1944); *see also* 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2688 (3d ed. 2012) ("If defendant does not contest the amount prayed for in the complaint and the claim is for a sum certain that can be made certain by computation, the judgment generally will be entered for that amount without further hearing."). The Court may rely on affidavits and documentary evidence to determine the appropriate sum for the default judgment." *Painters Dist. Council 2 v. Grau Contracting, Inc.*, No. 4:10-cv-2339-AGF, 2012 WL 2848708 at *1 (E.D. Mo. July 11, 2012).

## Discussion

The ERISA benefit at issue in Count IV is the $100,000.00 life insurance policy that Plaintiff was deprived of due to Patriot's breach of its fiduciary duties. The equitable relief of

4

surcharge available to Plaintiff under 29 U.S.C. §1132(a)(3) necessitates payment of the $100,000.00 that would have been owed to Plaintiff but for Patriot's breaches. *See Silva v. Metro. Life Ins. Co.*, 762 F.3d 711 (8th Cir. 2014). This is an amount certain and is established by the Certificate of Insurance. *See* Doc. [32-1]. As such, no additional evidence is necessary to establish this damage.

Count IV also seeks the payment of costs and an award of attorney's fees pursuant to 29 U.S.C. § 1132. Under 29 U.S.C. § 1132(g)(1), the Court may award costs and "reasonable" attorney's fees. Plaintiff submitted the affidavit of attorney Adam J. Olszeski. *See* Doc. [34-1]. According to Mr. Olszeski, "no less than thirty hours of work" were devoted to this case at a billable rate of $300.00 per hour. *Id.* The affidavit also states that the $300.00 hourly, billable rate was based on the reasonable market rate for attorneys of his experience in the St. Louis region. *Id.* The sole cost incurred was the $400.00 filing fee incurred in the filing of this suit. The Court finds that the hourly rate and hours expended are reasonable. Plaintiff is entitled to $10,000 in attorney's fees and $400.00 in costs.

**Conclusion**

Upon review of the record, the Court finds that Plaintiff has provided sufficient evidence to support the motions. Considering all amounts due, Defendant Patriot owes Plaintiff a total of $110,400.00.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Entry of Final Default Judgment Against Defendant Patriot National, Inc., Doc. [31], in the sum certain amount of $100,000.00, is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Entry of an Award of

Attorney's Fees Against Defendant Patriot National, Inc., Doc. [33], in the amount of $10,000.00, is **GRANTED**, and Plaintiff is entitled to $400.00 in fees and costs, totaling $110,400.00. A separate Judgment shall accompany this Memorandum and Order.

Dated this 11th day of January, 2022

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE